DOWNEY, Judge.
After being discharged from her employment Petitioner applied for unemployment compensation which was denied. In due course a hearing was held before an Appeals Referee who found that Petitioner was discharged by her Employer but not for misconduct connected with her work, thus she was entitled to benefits.
The Industrial Relations Commission vacated the decision of the Appeals Referee and remanded the cause to another Appeals Referee for a de novo hearing. The order of the Commission stated:
“The Referee in the hearing below acted in a manner which was in derogation of due process requirements of the law. The Referee by his manner brought the hearing to an abrupt and arbitrary conclusion. The Referee started closing the hearing before he had questioned the employer or the employer had had an opportunity to make a statement. Although the Referee continually insisted he did not want to limit anyone, his actions and attitudes had a chilling effect on the hearing. The hearing did not fulfill the requirements for the fair and impartial hearing due both parties.”
The decision of the Industrial Relations Commission is the subject of this Petition for Certiorari.
We have combed the transcript of testimony of the hearing before the Appeals Referee and fail to find any support whatsoever for the conclusions reached by the Industrial Relations Commission. The only possible basis for those conclusions would seem to be the Employer’s suggestion at the hearing before the Appeals Referee that the Referee had a conflict of interest, the conflict being that after the Employer discharged the claimant she obtained employment with the State of Florida, Unemployment Compensation office in West Palm Beach. At the time of the hearing she had worked there approximately three weeks. No showing of any sort was made to the Referee to indicate any prejudice to the Employer other than the bare fact that the claimant had been employed by the Department of Commerce for three weeks, and the Referee is also employed by the Department of Commerce. It is not even shown that the claimant and Referee work out of the same office or bureau. We think something more was required of the Employer to support a recusal of the Referee under Rule 8B-5.10(1) of the Department of Commerce, Division of Employment Security.
In view of our finding that the record does not support the conclusions contained in the order being reviewed, we grant the Petition for Writ of Certiorari and quash the Order of the Industrial Relations Commission filed February 16, 1977 and direct the reinstatement of the Order of the Appeals Referee.
CROSS and ANSTEAD, JJ., concur.